UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BROTHERS DISTRIBUTORS, INC.,[1]      Case No. 09-40393-SWR
    Chapter 7
    Debtor.     Hon. Steven W. Rhodes
_____/     (Jointly Administered)

HOMER W. MCCLARTY, TRUSTEE,

    Plaintiff,

v.     Adv. Case No.

ALBERTO-CULVER USA, INC.,
DR. MIRACLES, INC.,
FANTASIA INDUSTRIES, CORP.,
HOLLYWOOD BEAUTY IMPORTS INC.,
JF LABS INC., J.M. PRODUCTS INC.,
PK INTERNATIONAL, INC.,
and SOFTSHEEN-CARSON,
a division of L'OREAL USA INC.,

    Defendants.
_____/

## ADVERSARY COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

### Jurisdiction

1. This is an adversary proceeding brought under 11 U.S.C. §§ 547 and 550 and B.R. 7001(1) to avoid and recover preferential transfers.

2. This is a core proceeding over which this court has jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(F) and 1334.

### General Allegations

3. Brothers Distributors, Inc. is the Debtor in the above Chapter 7 bankruptcy case filed on January 8, 2009 (the "Petition Date").

---

[1] Jointly administered with case no. 09-40401-SWR, *In re Ted Hyunhak Chung*.

4. Plaintiff Homer W. McClarty is the Chapter 7 Trustee of the Debtor's bankruptcy estate.

5. Upon information and belief, Defendant, Alberto-Culver USA, Inc., is a foreign corporation with an address of 2525 Armitage Ave., Melrose Park, Illinois 60160-1163.

6. Upon information and belief, Defendant, Dr. Miracles Inc., is a foreign corporation with an address of 183 Madison Avenue, Suite 405, New York, New York 10016.

7. Upon information and belief, Defendant, Fantasia Industries Corp., is a foreign corporation with an address of 20 Park Place, Paramus, New Jersey 07652.

8. Upon information and belief, Defendant, Hollywood Beauty Imports Inc., is a foreign corporation with an address of 1578 NW 165 Street, Miami, Florida 33169.

9. Upon information and belief, Defendant, JF Labs Inc., is a foreign corporation with an address of 7401 S. Pulaski Rd., Chicago, Illinois 60629.

10. Upon information and belief, Defendant, J.M. Products Inc., is a foreign corporation with an address of 2501 S. State Street, Little Rock, AR 72206.

11. Upon information and belief, Defendant, PK International, Inc., is a foreign corporation with an address of 6116 Lincoln Ave., Chicago, Illinois 60659.

12. Upon information and belief, Defendant, Softsheen-Carson, is a foreign corporation with an address of 35 Broadway Rd., Cranbury, New Jersey 08512.

Count I - Recovery of Preferential Transfer(s)
Pursuant to 11 U.S.C. § 547(b) - Alberto-Culver USA, Inc.

13. Plaintiff restates paragraphs 1 through 12.

14. Plaintiff's review of financial documents of the Debtor revealed that a payment in the amount of $3,033.28 was paid to Alberto-Culver USA, Inc. on November 25, 2008 ("the Alberto-Culver Transfer").

15. The Alberto-Culver Transfer was made to or for the benefit of Alberto-Culver USA, Inc. for or on account of antecedent debt owed by the Debtor to Alberto-Culver USA, Inc.

16. The Alberto-Culver Transfer was made while the Debtor was insolvent as that term is defined in 11 U.S.C. § 101(32).

17. The Alberto-Culver Transfer was made within 90 days of the Petition Date.

18. The Alberto-Culver Transfer enabled Alberto-Culver USA, Inc. to receive more than it would have received if the Alberto-Culver Transfer had not been made and Alberto-Culver USA, Inc. had received payment of the debts under the provisions of Chapter 7 of the bankruptcy code.

19. Plaintiff is entitled to avoid the Alberto-Culver Transfer under § 547(b) and recover the funds for the benefit of the estate under § 550.

WHEREFORE, Plaintiff requests that this court enter judgment in his favor and against Alberto-Culver USA, Inc. in the sum of at least $3,033.28, plus costs, interest, and attorney fees, and grant such further relief as the court deems appropriate.

Count II - Recovery of Preferential Transfer(s)
Pursuant to 11 U.S.C. § 547(b) - Dr. Miracles Inc.

20. Plaintiff restates paragraphs 1 through 19.

21. Plaintiff's review of financial documents of the Debtor revealed that the following payments were paid to Dr. Miracles Inc. during the 90 day period preceding the filing of the bankruptcy petition:

| Payment Date | Amount |
| --- | --- |
| 11/7/08 | $5,000.00 |
| 11/10/08 | $5,743.41 |
| 11/17/08 | $7,684.66 |

(the "Dr. Miracles Transfers").

22. The Dr. Miracles Transfers were made to or for the benefit of Dr. Miracles Inc. for or on account of antecedent debt owed by the Debtor to Dr. Miracles Inc.

23. The Dr. Miracles Transfers were made while the Debtor was insolvent as that term is defined in 11 U.S.C. § 101(32).

24. The Dr. Miracles Transfers were made within 90 days of the Petition Date.

25. The Dr. Miracles Transfers enabled Dr. Miracles Inc. to receive more than it would have received if the Dr. Miracles Transfers had not been made and Dr. Miracles Transfers had received payment of the debts under the provisions of Chapter 7 of the bankruptcy code.

26. Plaintiff is entitled to avoid the Dr. Miracles Transfers under § 547(b) and recover the funds for the benefit of the estate under § 550.

WHEREFORE, Plaintiff requests that this court enter judgment in his favor and against Dr. Miracles Inc. in the sum of at least $18,428.07, plus costs, interest, and attorney fees, and grant such further relief as the court deems appropriate.

### Count III - Recovery of Preferential Transfer(s) Pursuant to 11 U.S.C. § 547(b) - Fantasia Industries Corp.

27. Plaintiff restates paragraphs 1 through 26.

28. Plaintiff's review of financial documents of the Debtor revealed that the following payments were paid to Fantasia Industries Corp. during the 90 day period preceding the filing of the bankruptcy petition:

| Payment Date | Amount |
| --- | --- |
| 1/5/09 | $7,338.11 |
| 1/5/09 | $7,000.00 |

(the "Fantasia Transfers").

29. The Fantasia Transfers were made to or for the benefit of Fantasia Industries Corp. for or on account of antecedent debt owed by the Debtor to Fantasia Industries Corp.

30. The Fantasia Transfers were made while the Debtor was insolvent as that term is defined in 11 U.S.C. § 101(32).

31. The Fantasia Transfers were made within 90 days of the Petition Date.

32. The Fantasia Transfers enabled Fantasia Industries Corp. to receive more than it would have received if the Fantasia Transfers had not been made and Fantasia Industries Corp. had received payment of the debts under the provisions of Chapter 7 of the bankruptcy code.

33. Plaintiff is entitled to avoid the Fantasia Transfers under § 547(b) and recover the funds for the benefit of the estate under § 550.

WHEREFORE, Plaintiff requests that this court enter judgment in his favor and against Fantasia Industries Corp. in the sum of at least $14,338.11, plus costs, interest, and attorney fees, and grant such further relief as the court deems appropriate.

Count IV - Recovery of Preferential Transfer(s)
Pursuant to 11 U.S.C. § 547(b) - Hollywood Beauty Imports, Inc.

34. Plaintiff restates paragraphs 1 through 33.

35. Plaintiff's review of financial documents of the Debtor revealed that a payment in the amount of $5,539.24 was paid to Hollywood Beauty Imports, Inc. on December 22, 2008 (the "Hollywood Transfer").

36. The Hollywood Transfer was made to or for the benefit of Hollywood Beauty Imports, Inc. for or on account of antecedent debt owed by the Debtor to Hollywood Beauty Imports, Inc.

37. The Hollywood Transfer was made while the Debtor was insolvent as that term is defined in 11 U.S.C. § 101(32).

38. The Hollywood Transfer was made within 90 days of the Petition Date.

39. The Hollywood Transfer enabled Hollywood Beauty Imports, Inc. to receive more than it would have received if the Hollywood Transfer had not been made and Hollywood Beauty Imports, Inc. had received payment of the debts under the provisions of Chapter 7 of the bankruptcy code.

40. Plaintiff is entitled to avoid the Hollywood Transfer under § 547(b) and recover the funds for the benefit of the estate under § 550.

WHEREFORE, Plaintiff requests that this court enter judgment in his favor and against Hollywood Beauty Imports, Inc. in the sum of at least $5,539.24, plus costs, interest, and attorney fees, and grant such further relief as the court deems appropriate.

<u>Count V - Recovery of Preferential Transfer(s) Pursuant to 11 U.S.C. § 547(b) - JF Labs Inc.</u>

41. Plaintiff restates paragraphs 1 through 40.

42. Plaintiff's review of financial documents of the Debtor revealed that a payment in the amount of $8,023.61 was paid to JF Labs Inc. on November 28, 2008 (the "JF Transfer").

43. The JF Transfer was made to or for the benefit of JF Labs Inc. for or on account of antecedent debt owed by the Debtor to JF Labs Inc.

44. The JF Transfer was made while the Debtor was insolvent as that term is defined in 11 U.S.C. § 101(32).

45. The JF Transfer was made within 90 days of the Petition Date.

46. The JF Transfer enabled JF Labs Inc. to receive more than it would have received if the JF Transfer had not been made and JF Labs Inc. had received payment of the debts under the provisions of Chapter 7 of the bankruptcy code.

47. Plaintiff is entitled to avoid the JF Transfer under § 547(b) and recover the funds for the benefit of the estate under § 550.

WHEREFORE, Plaintiff requests that this court enter judgment in his favor and against JF Labs Inc. in the sum of at least $8,023.61, plus costs, interest, and attorney fees, and grant such further relief as the court deems appropriate.

Count VI - Recovery of Preferential Transfer(s)<br>
Pursuant to 11 U.S.C. § 547(b) - J.M. Products Inc.

48. Plaintiff restates paragraphs 1 through 47.

49. Plaintiff's review of financial documents of the Debtor revealed that a payment in the amount of $8,000.00 was paid to J.M. Products Inc. on December 1, 2008 (the "JM Transfer").

50. The JM Transfer was made to or for the benefit of J.M. Products Inc. for or on account of antecedent debt owed by the Debtor to J.M. Products Inc.

51. The JM Transfer was made while the Debtor was insolvent as that term is defined in 11 U.S.C. § 101(32).

52. The JM Transfer was made within 90 days of the Petition Date.

53. The JM Transfer enabled J.M. Products Inc. to receive more than it would have received if the JM Transfer had not been made and J.M. Products Inc. had received payment of the debts under the provisions of Chapter 7 of the bankruptcy code.

54. Plaintiff is entitled to avoid the JM Transfer under § 547(b) and recover the funds for the benefit of the estate under § 550.

WHEREFORE, Plaintiff requests that this court enter judgment in his favor and against J.M. Products Inc. in the sum of at least $8,000, plus costs, interest, and attorney fees, and grant such further relief as the court deems appropriate.

Count VII - Recovery of Preferential Transfer(s)<br>
Pursuant to 11 U.S.C. § 547(b) - PK International, Inc.

55. Plaintiff restates paragraphs 1 through 54.

56. Plaintiff's review of financial documents of the Debtor revealed that the following payments were paid to PK International, Inc. during the 90 day period preceding the filing of the bankruptcy petition:

| Payment Date | Check No. | Amount |
|---|---|---|
| 10/23/2008 | 13261 | $5,000.00 |
| 11/01/2008 | 13270 | $4,467.88 |

(the "PK International Transfers").

57. The PK International Transfers were made to or for the benefit of PK International for or on account of antecedent debt owed by the Debtor to PK International.

58. The PK International Transfers were made while the Debtor was insolvent as that term is defined in 11 U.S.C. § 101(32).

59. The PK International Transfers were made within 90 days of the Petition Date.

60. The PK International Transfers enabled PK International to receive more than it would have received if the PK International Transfers had not been made and PK International had received payment of the debts under the provisions of Chapter 7 of the bankruptcy code.

61. Plaintiff is entitled to avoid the PK International Transfers under § 547(b) and recover the funds for the benefit of the estate under § 550.

WHEREFORE, Plaintiff requests that this court enter judgment in his favor and against PK International in the sum of at least $9,467.88, plus costs, interest, and attorney fees, and grant such further relief as the court deems appropriate.

Count VIII - Recovery of Preferential Transfer(s)
Pursuant to 11 U.S.C. § 547(b) - Softsheen-Carson

62. Plaintiff restates paragraphs 1 through 61.

63. Plaintiff's review of financial documents of the Debtor revealed that a payment in the amount of $26,921.28 was paid to Softsheen-Carson on October 21, 2008 (the "Softsheen Transfer").

64. The Softsheen Transfer was made to or for the benefit of Softsheen-Carson for or on account of antecedent debt owed by the Debtor to Softsheen-Carson.

65. The Softsheen Transfer was made while the Debtor was insolvent as that term is defined in 11 U.S.C. § 101(32).

66. The Softsheen Transfer was made within 90 days of the Petition Date.

67. The Softsheen Transfer enabled Softsheen-Carson to receive more than it would have received if the Softsheen Transfer had not been made and Softsheen-Carson had received payment of the debts under the provisions of Chapter 7 of the bankruptcy code.

68. Plaintiff is entitled to avoid the Softsheen Transfer under § 547(b) and recover the funds for the benefit of the estate under § 550.

WHEREFORE, Plaintiff requests that this court enter judgment in his favor and against Softsheen-Carson in the sum of at least $26,921.28, plus costs, interest, and attorney fees, and grant such further relief as the court deems appropriate.

### Count IX - Claim Disallowance

69. Plaintiff restates paragraphs 1 through 68.

70. Section 502 of the bankruptcy code provides that unless a transferee receiving a transfer avoidable under §§ 547, 544 or 548 has paid the amount for which such entity or transferee is liable under § 550, any claim of such entity or transferee shall be disallowed.

71. Defendants have not paid or surrendered the Transfers to Plaintiff and; therefore, Defendants' claims against the estate, if any, should be disallowed.

WHEREFORE, Plaintiff requests that this court enter judgment in his favor and against Defendants; disallow Defendants' claims against the Debtor's bankruptcy estate; and grant such further relief as this court deems appropriate.

STEINBERG SHAPIRO & CLARK

/s/ Tracy M. Clark (P60262)
Attorney for Plaintiff
24901 Northwestern Hwy., Suite 611
Southfield, MI 48075
(248) 352-4700
clark@steinbergshapiro.com

Date: September 23, 2009